ALEXANDER WHALEY *v.* JOHN D. FREELAND.

**Weight of Evidence—Effect of the Finding of Facts Made by the Chancellor.**

> While there is no rule requiring this court to presume in favor of the finding of facts made by the chancellor, as in cases at common law, still, much importance should be given the views of the chancellor in a case of fraud where doubt may well be entertained as to the truth of the charge.

APPEAL FROM BATH CIRCUIT COURT.

March 9, 1877.

OPINION BY JUDGE PRYOR:

The chancellor has passed upon the question of fact in this case with a full knowledge of the parties, and while the same rule does not apply in disposing of such issues in equity by this court as in cases at common law, still much importance should be given the views of the chancellor in a case of fraud where doubt may well be entertained as to the truth of the charge. It is clear that Vanars'dal and Freeland were not purchasing the debt on Butler with a view to speculate upon it, but made it for the benefit of the latter. It seems that the consideration for which the note was executed to Whaley was a mare of but little value, and these parties, with a view of re-instating Butler, purchased the note at the discount, that is, they gave a note for seventy dollars and the costs, making ten or twelve dollars more, for the execution, amounting to $133.

The fact, however, that Whaley got the advantage of Butler did not authorize the parties to take advantage of Whaley. We suppose some of the truth in regard to a matter of which the party should be informed, if material to the contract, is fraudulent. If the party, however, is in possession of facts that should enable him to know or ought to put him on inquiry, we are not disposed to adjudge that suppressed vice could establish the fraud. Whaley knew that this execution was in the hands of the sheriff, or that the sheriff was trying to collect the debt. He had been offering the debt for $15, or quite a small sum of money, and knew that Butler was insolvent. He

had offered some neighbors twenty dollars to find property upon which the execution could be levied, and was·in fact a vigilant creditor. His testimony in the case indicates some intelligence, and at least judgment enough to enable him to understand his rights. He must have had reason to believe that his execution debt had been secured at the time Vanarsdal offered to buy it, although he had been willing to take a small sum for it prior to that time. His proposition was to take eighty dollars, and when Vanarsdal offered him seventy dollars it should have suggested to·him at once that the debt had been secured. We are inclined to conclude that Vanarsdal knew it was replevied and also to conclude that Whaley believed it had been secured, and at any rate the equity of this case is not so strong for appellant as to demand a reversal. The judgment below is *affirmed*.

*Nesbitt & Gudgel, for appellant.   H. L. Stone, for appellee.*